IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | *12-206* |
| | ) | Criminal No. |
| v. | ) | |
| | ) | |
| RAYMOND DAVIS | ) | **(UNDER SEAL)** |
| a/k/a Mark White | ) | |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Gregory C. Melucci, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I.   THE INDICTMENT

A Federal Grand Jury returned a one-count Indictment against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Conspiracy to produce and utter forged securities and identity theft, in and around January, 2011 until in and around November, 2011. | 18 U.S.C. § 371 |

### II.   ELEMENTS OF THE OFFENSE

As to Count 1:

In order for the crime of conspiracy to produce and utter forged securities and identity theft, in violation of 18 U.S.C.

§ 371, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.    That two or more persons agreed to commit an offense against the United States, as charged in the indictment.

2.    That Raymond Davis was a party to or member of that agreement.

3.    That Raymond Davis joined the agreement or conspiracy knowing of its objective to commit an offense against the United States and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that Raymond Davis and at least one other alleged conspirator shared a unity of purpose and the intent to achieve a common goal or objective, to commit an offense against the United States; and

4.    That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.

Third Circuit Model Criminal Jury Instruction 6.18.371A.

III.   **PENALTIES**

**As to Count 1:**  Conspiracy to produce and utter forged securities and identity theft (18 U.S.C. § 371):

1.    Individuals - The maximum penalties for individuals are:

(a)   imprisonment of not more than 5 years (18 U.S.C. § 371);

(b)   a fine not more than the greater of;

(1)   $250,000 (18 U.S.C. § 3571(b)(3));

or

(2)   an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

(c)   a term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

(d)   Any or all of the above.

## IV.   MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed upon the count which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V.   RESTITUTION

Restitution may be required in this case as to Count One, together with any authorized penalty, as part of the defendants' sentences pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI.   <u>FORFEITURE</u>

Not applicable in this case.

Respectfully submitted,

DAVID J. HICKTON
United States Attorney


_____
Gregory C. Melucci
Assistant U.S. Attorney
PA ID No. 56777